IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEICA MICROSYSTEMS INC., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:15-CV-2531-D |
| VS. | § | |
| | § | |
| JESSE HERNANDEZ, et al., | § | |
| | § | |
| Defendants-counterplaintiffs. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff-counterdefendant's motion to remand presents the question whether the court has federal question jurisdiction despite the assertion of only state-law claims in plaintiff-counterdefendant's state court petition. Concluding that the court does not have federal question jurisdiction, it grants the motion to remand and awards plaintiff-counterdefendant its just costs and any actual expenses, including attorney's fees, incurred as a result of the removal, to be determined by the parties' agreement, or, if necessary, by separate application.

I

Plaintiff-counterdefendant Leica Microsystems Inc. ("Leica") alleges that it is a global leader in anatomical pathology solutions and automation, providing pathologists, histologists, and researchers a comprehensive range of products, including high-end diagnostic equipment and other laboratory equipment, for each step in the pathology process. As part of Leica's business, it employs field service engineers ("FSEs") to service and repair its equipment in

hospitals and labs, using repair parts provided by Leica. FSEs also work with Leica equipment software and firmware, and are required to use a password to access the software. Leica only provides these passwords to its own personnel and to three outside firms that are specifically authorized and factory-trained by Leica.

Defendant-counterplaintiff Jesse Hernandez ("Hernandez") was employed by Leica as an FSE from 2007 to 2012, when he was terminated for cause. Hernandez signed an Employment Agreement ("Employment Agreement") that, *inter alia*, prohibited him from soliciting Leica's customers and clients and from working for a competing business for one year after his employment with Leica ended. Hernandez also agreed under the Employment Agreement to preserve Leica's confidential information and to return any confidential information to Leica when his employment terminated.

Leica alleges that, after Hernandez's employment was terminated, he started his own business, defendant-counterplaintiff Orion Laboratory Solutions, LLC ("Orion"), which competed with Leica in servicing Leica equipment; he used Leica parts that he improperly kept after his employment was terminated to operate Orion and to service Leica equipment, in violation of covenants in the Employment Agreement; that Hernandez and Orion, through theft, receipt of stolen property, or otherwise, have improperly and illegally gained access to Leica's confidential and proprietary information, including passwords and drivers, to service Leica equipment; and that Hernandez has used his contacts with Leica to improperly obtain Leica parts from current Leica employees, including Leica employee Kevin Kovach

("Kovach"), who was once a defendant in this lawsuit.[1]

Leica sued Hernandez, Orion, and Kovach in Texas state court, alleging claims under Texas law for breach of contract, tortious interference with contract, trade secret misappropriation, conversion, theft of property under the Theft Liability Act, unjust enrichment, and conspiracy. Leica seeks damages and an injunction prohibiting defendants from, *inter alia*, using, disclosing, transferring, or profiting from Leica property, equipment, or confidential, proprietary, or trade secret information (including passwords and customer lists); acquiring Leica confidential information and/or property from improper or illegal sources; using Leica's confidential information to contact customers and prospective customers or to interfere with Leica's business relationships; sharing Leica's confidential information with any of Leica's competitors or the public; representing to anyone that Hernandez or Orion is authorized by Leica to perform service on Leica equipment; or making any statement to receive parts or technical assistance from the Leica Technical Support Center or any Leica employee.

Kovach, with the consent of Hernandez and Orion, removed this action to this court based on federal question jurisdiction. Leica now moves to remand the case to state court. It also seeks an award of attorney's fees and expenses, contending the removal was objectively unreasonable. Hernandez and Orion oppose the motion.

---

[1]Leica initially sued Kovach in this case, but Leica and Kovach have since entered into a September 14, 2015 agreed order of dismissal with prejudice.

II

A

"Federal courts are courts of limited jurisdiction. [A court] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995) (citations omitted). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Article III, Section 2, Clause 1 of the United States Constitution provides, in relevant part: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority[.]" "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, [the Supreme Court has] long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (citations omitted). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint[.]'" *Id.* at 808 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-10 (1983)).

Aside from complete preemption, which is not applicable here,[2] "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

The "arising-under" provision for federal-question jurisdiction is invoked "by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). But a court can determine that a state-law claim "arises under" federal law if the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial,

---

[2]Complete preemption is an exception to the well-pleaded complaint rule.

> "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (alterations in original) (citations omitted) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). In the notice of removal, Kovach alleged that, despite Leica's artful efforts to plead only state-law claims, its claim for trade secret misappropriation arises under and is preempted by the federal Copyright Act. Although Leica argues in its motion to remand that the federal Copyright Act does not preempt its state-law claims, Hernandez and Orion have neither responded to this argument nor attempted to address preemption as a basis for removal. They focus instead only on their argument based on *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), which the court discusses below. The court will address only the grounds on which Hernandez and Orion rely in their response to Leica's motion to remand.

which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. "In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). These cases, however, are a "special and small category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

B

Hernandez and Orion do not dispute that Leica alleges only state-law claims. They make a *Grable*-based argument, however, contending that they satisfy all four *Singh* elements because Leica is asking the state court to enforce Leica's anti-competitive practices, in direct violation of the Sherman Anti-Trust Act ("Sherman Act"), 15 U.S.C. §§ 1 and 2. Addressing the *Singh* elements, defendants argue that Leica has raised federal issues in its complaint by admitting that it has engaged in exclusionary, monopolistic conduct that violates federal antitrust law; presenting issues involving interstate commerce, including the theft, sale, and transfer of Leica's property across state lines from Washington to Texas; and seeking to enjoin Hernandez and Orion from engaging in competition across state lines. They contend that Leica's ability to recover any of the damages it seeks hinges on whether its conduct is a violation of federal antitrust law; Leica cannot obtain injunctive relief if the relief would violate the Sherman Act; there is an actual dispute before the court and

adjudication of the issue will be necessary to render a final judgment in this matter; and the federal issue is substantial because the regulation and enforcement of anti-competition laws is of substantial importance to the federal government. Hernandez and Orion posit that "[t]he shadow of the Plaintiff's anti-competitive practices overwhelm[s] the other issues before the Court, including Plaintiff's State Court claims," Ds. Br. 11, and the court can easily hear this dispute without upsetting the federal-state balance approved by Congress because

> [t]o allow the State Court to determine this issue, when such substantial federal issues act as a cloud over the entire proceeding, would distort the division of labor between the State and Federal Courts and would deprive the Defendants of well-earned and substantial defenses to the relief sought by the Plaintiff[,] notwithstanding the fact that the State Court has no jurisdiction to hear or determine Plaintiff's stated request for nationwide injunctive relief.

*Id.* at 13.

C

Defendants have not established that the resolution of a federal issue is necessary to resolution of any of Leica's state-law claims. A federal issue is "necessary" if it is an element rather than a defense to the state-law claim. *Franchise Tax Bd.*, 463 U.S. at 10-11 ("'[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" (alteration in original) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936))). Although defendants rely on various "federal issues," none is necessary to determine any of Leica's state-law claims. Whether Hernandez breached a contract or whether he or Orion tortiously interfered with

Leica's contracts, misappropriated Leica's trade secrets, converted or stole property, was unjustly enriched, or participated in a conspiracy do not depend on the resolution of any "substantial federal question." *See Grable*, 545 U.S. at 313. At most, the "federal issue" that Hernandez and Orion have identified is a federal-law defense, i.e., that Leica cannot obtain certain injunctive relief because awarding such relief would constitute an unreasonable restraint on trade or a monopoly. But federal defenses to state-law claims are insufficient to confer federal-question jurisdiction. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("'[A] defense that raises a federal question is inadequate to confer federal jurisdiction.'" (quoting *Merrell Dow*, 478 U.S. at 808)); *see also Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 942-43 (5th Cir. 2013) ("[A]lthough the parties may ultimately litigate a federal issue in their case, that fact does not show that the suit . . . arises under the Constitution or laws of the United States." (citation and internal quotation marks omitted)). In fact, if Hernandez and Orion's reasoning were correct, numerous purely state-law cases would become removable based on the defendants' allegation that granting the relief sought under state law would be unlawful under federal law.

Because Hernandez and Orion have failed to establish that the resolution of a federal issue is necessary to the resolution of any of Leica's state-law *claims*, the court concludes that this action must be remanded on this basis alone, and it need not address any of the remaining *Singh* factors. *See Pidgeon v. Parker*, 46 F.Supp.3d 692, 700 (S.D. Tex. 2014) ("Because the federal-law issue is not raised by the plaintiffs' complaint, and is instead asserted as a defense, it is not necessary to examine whether that federal issue presents a

substantial and disputed question analyzed under the factors described in [*Grable* and *Singh* because t]hat analysis applies only 'in cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28)); *Marren v. Stout*, 930 F.Supp.2d 675, 681 (W.D. Tex. 2013) ("If any one of these four prongs [set forth in *Singh*] is not satisfied, a court should not exercise federal-question jurisdiction.").

III

Leica also moves for an award of attorney's fees and expenses, contending that the removal was objectively unreasonable.

A

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

B

For the reasons explained above, the court concludes that Hernandez and Orion—who consented to Kovach's removal and opposed Leica's remand motion—did not have an

objectively reasonable basis to remove this case.[3] At most, they rely on a federal defense to Leica's state-law claims to establish federal question jurisdiction. It is not necessary to resolve a federal issue to resolve any of Leica's state-law claims. And the law is clear that a defense that raises a federal question is inadequate. *See, e.g., Bernhard*, 523 F.3d at 551. Leica is therefore entitled to recover from Hernandez and Orion its just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. *See, e.g., Am. Airlines, Inc. v. Sabre, Inc*., 694 F.3d 539, 544 (5th Cir. 2012) (holding that district court did not abuse its discretion in concluding that defendant lacked objectively reasonable grounds to believe that removal was proper, and in awarding relief under § 1447(c), where defendant failed to satisfy first prong of *Grable* test and show that plaintiff's state-law claim necessarily raised a stated federal issue).

Accordingly, within 21 days of the date this memorandum opinion and order is filed, counsel for Leica, Hernandez, and Orion must confer and attempt in good faith to reach agreement concerning the amount to be awarded to Leica against Hernandez and Orion. If they reach agreement, Hernandez and Orion must pay the agreed amount within 35 days of the date the memorandum opinion and order is filed, or by another date to which the parties agree in writing. If they do not reach agreement, Leica must file its application for attorney's fees and expenses within 28 days of the date this memorandum opinion and order is filed. Briefing will then follow according to the deadlines prescribed by the local civil rules.

---

[3]Because Kovach has been dismissed by agreement, the court is not addressing whether Leica is entitled to recover attorney's fees, expenses, and costs from him.

* * *

For the reasons explained, the court grants plaintiff-counterdefendant's motion to remand. The court concludes that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 101st Judicial District Court, Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

November 23, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE